DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    Fax: (415) 436-7027
    Sloan.heffron@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 16-161 EJD |
| Plaintiff, | DETENTION ORDER |
| v. | |
| LARON PRESTLEY, | |
| Defendant. | |

The parties appeared before the Court on May 23, 2019 for a detention hearing in CR 19-216 EMC, as well as a preliminary revocation hearing and detention hearing in CR 16-161 EJD. This Order concerns Mr. Prestley's custodial status in CR 16-161 EJD. This Court's ruling as to Mr. Prestley's custodial status in CR 19-216 EMC is addressed in a separate Order issued under that docket.

For the reasons set forth below, as well as those stated on the record on May 23, 2019, the Court finds that the defendant has not met his burden of establishing by clear and convincing evidence that he will not pose a danger to any other person or to the community. Accordingly, the Court orders that the defendant be detained pending further proceedings in this matter.

//

//

## I. LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, a person held in custody for violating supervised release "must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a)(1). The magistrate judge "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). A person charged with a supervised release violation bears the burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6); Fed. R. Crim. P. 46(d).

## II. PROCEDURAL BACKGROUND

On May 21, 2019, the Honorable Edward J. Davila signed a petition ("Form 12") filed by defendant Laron Prestley's United States Probation Officer alleging two violations of the defendant's grant of supervised release in case number CR 16-161 EJD. The first violation alleges that the defendant committed a new federal crime: a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). This new violation is alleged to have occurred on September 21, 2018 in San Francisco, and is charged as Count One of a separate indictment under case number CR 19-216 EMC. The second violation alleges that the defendant failed to attend mental health treatment appointments on April 12, 2019 and May 3, 2019.

The parties appeared before the Court on May 23, 2019 for a detention hearing in CR 19-216 EMC, as well as a preliminary revocation hearing and detention hearing in CR 16-161 EJD. The Court held a single hearing at which the parties addressed the issue of detention in each case.

At the hearing, counsel submitted proffers and arguments regarding detention. The defense cited the fact that the defendant had been out of custody since September 2017 on a separate firearms case currently pending in San Francisco Superior Court. Counsel also questioned the strength of the evidence supporting the violation of 18 U.S.C. § 922(g)(1) charged in the captioned indictment.

In response, the government explained that the pending Superior Court case referenced by the defense concerns a March 17, 2016 shooting in San Francisco in which the defendant is alleged to have fired a semiautomatic pistol at another individual at close range. On March 25, 2016, eight days after that alleged shooting, the defendant was charged with three separate, unrelated violations of 18 U.S.C. §

922(g)(1). *See* CR 16-161 EDL, dkt. 1. The government directed this Court to the findings made by the Magistrate Judge who presided over the defendant's April 7, 2016 detention hearing in CR 16-161 EJC. *Id.*, dkt. 6 (Findings in Support of Detention).

The government also cited the defendant's criminal history, which includes four prior felony convictions related to the unlawful possession of firearms, as well as a misdemeanor conviction for active participation in a criminal street gang. Three of these prior firearms offenses are the very convictions for which the defendant is now serving a grant of supervised release in the instant case.

Finally, the government provided a detailed overview of the evidence supporting the firearms offense alleged in Charge One of the May 21, 2019 Form 12.

**III.     ANALYSIS**

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant has not established by clear and convincing evidence that he will not pose a danger to any other person or to the community. This Court credits the findings of the Magistrate Judge who presided over the defendant's April 7, 2016 detention hearing, which occurred shortly after the defendant was first charged with three counts of 18 U.S.C. § 922(g)(1). Since the April 2016 detention hearing, the defendant was convicted of the three counts of 18 U.S.C. § 922(g)(1). *Id.* at dkt. 28 (Judgment in a Criminal Case). The defendant served an 18 month prison sentence, began a grant of supervised release, and is now alleged to have committed a new firearms violation, leading to the indictment in CR 19-216 EMC, as well as the first charge alleged in this Form 12.

This Form 12 also suggests that, by failing to attend his individual mental health treatment appointments, the defendant is not following the directions of his probation officer. Among the findings of the prior Magistrate Judge was that the defendant had suffered numerous probation violations prior to being charged in the federal case. Dkt. 6 (Findings in Support of Detention).

This Court is particularly concerned that, despite numerous prior convictions, an eighteen-month prison sentence, and the conditions of his supervised release, the defendant is alleged to have committed yet another firearms offense, as alleged in Charge One of the Form 12. The defendant's willingness to ignore each of these restrictions in order to possess firearms suggests that he cannot be relied upon to conform his conduct within the confines of the law at this time. This poses a significant threat to the

safety of other persons in this community, and to the defendant himself.

## IV. CONCLUSION

Based on the information presented to the Court, as well as the proffers and arguments of the parties, this Court finds that the defendant has not established by clear and convincing evidence that he is not a danger to any other person or the community. Accordingly, the defendant must be detained pending further proceedings in this matter. The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

IT IS SO ORDERED.

DATED: May 29, 2019

_____
HONORABLE SALLIE KIM
United States Magistrate Judge